IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JEWELL JONES                                                                                        PLAINTIFF

vs.                                            Civil No. 1:07-cv-01108

MICHAEL J. ASTRUE                                                                              DEFENDANT
Commissioner, Social Security Administration

**<u>MEMORANDUM OPINION</u>**

Jewell Jones ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. <u>Background</u>:**

Plaintiff protectively filed her applications for DIB and SSI on September 7, 2005.  (Tr. 17, 168-172, 276-282).  Plaintiff alleged she was disabled due to bilateral carpal tunnel syndrome status post surgical release on the right dominant hand, plantar's fasciitis, heel spurs in both feet, obstructive sleep apnea, and obesity.  (Tr. 20-23, Finding 3).  Plaintiff alleged an onset date of

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

August 31, 2005. (Tr. 17). These applications were initially denied on October 25, 2005 and were denied again on reconsideration on January 31, 2006. (Tr. 142-143, 274-275).

On February 9, 2006, Plaintiff requested an administrative hearing on her applications. (Tr. 34). This hearing was held on February 26, 2007 in El Dorado, Arkansas. (Tr. 305-335). Plaintiff was present and was represented by counsel, Denver Thornton, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Tyra Watts testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had obtained her high school diploma. (Tr. 308, 312).

On June 27, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for SSI and DIB. (Tr. 17-26). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2010. (Tr. 19, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 31, 2005, her alleged onset date. (Tr. 20, Finding 2). The ALJ determined Plaintiff had the following severe impairments: bilateral carpal tunnel syndrome post surgical release on the right dominant hand, planter's faciitis, heel spurs in both feet, obstructive sleep apnea, and obesity. (Tr. 20-23, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 23, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 23-24, Finding 5). First, the ALJ evaluated Plaintiff's allegedly disabling symptoms. (Tr. 23-24). As a part of this review, he stated the factors of 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 and then discounted Plaintiff's subjective complaints

of disabling pain and other limitations based upon the following two findings: (1) there was "nothing in the record" that found Plaintiff was incapable of performing all basic work-related activities and (2) there was no indication that any of Plaintiff's treating physicians had placed any restrictions on Plaintiff's daily activities or had found she was disabled or unable to perform any/all work activity. *See id.*

After discounting her subjective complaints, the ALJ then reviewed all the medical evidence and hearing testimony in the record in order to determine Plaintiff's RFC. (Tr. 23-24, Finding 5). Specifically, the ALJ found Plaintiff retained the RFC to perform a wide range of light work activity, including the following:

> After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform a wide range of light work activity. (The residual functional capacity to perform light work activity also includes the residual functional capacity to perform sedentary work activity). The claimant can lift and/or carry up to 20 pounds occasionally and up to 10 pounds frequently. She is capable of sitting, with normal breaks, for a total of about 6 hours in an 8-hour workday and is further capable of standing and/or walking, with normal breaks, for a total of about 6 hours in an 8-hour workday. She cannot do assembly-type work or work operating vehicles, but can do cashier activities. With the use of over-the-counter and/or prescription medications she experiences pain that is no more than mild to moderate in nature. She does not have any other additional significant postural limitations, manipulative limitations, environmental limitations, communicative limitations, or mental restrictions.

*See id.* 20 C.F.R. § 404.1567(b).

The ALJ then determined that Plaintiff could not perform her Past Relevant Work ("PRW") but could perform other work existing in significant numbers in the national economy. (Tr. 25-26, Findings 6, 10). First, the ALJ determined Plaintiff's PRW included work as a Certified Nurse's Assistant ("CNA") (semiskilled, heavy to very heavy). *See id.* The ALJ determined, based upon the testimony of the VE, that Plaintiff's RFC precluded her from performing her PRW. (Tr. 25, Finding

3

6). Second, the ALJ evaluated Plaintiff's age, education, and past work experience and determined that even though she could not perform her PRW, she could perform other work existing in significant numbers in the national economy. (Tr. 25-26, Finding 10). The ALJ based this determination upon the VE's responses to his hypothetical questions. (Tr. 25-26). The VE testified that a hypothetical person with Plaintiff's age, education, past work experience, and RFC could perform other work in the national economy, including work at the following representative occupations: (1) Cashier II with 25,000 such jobs in Arkansas and 3.7 million jobs in the United States; and (2) Sales Clerk with 22,000 such jobs in Arkansas and 2.9 million jobs in the United States. (Tr. 26). Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time from August 31, 2005 through the date of his decision or through June 27, 2007. (Tr. 26, Finding 11).

Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 12). On October 16, 2007, the Appeals Council declined to review this determination. (Tr. 6-8). *See* 20 C.F.R. § 404.984(b)(2). On November 5, 2007, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on November 7, 2007. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 6-7). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ did not perform a *Polaski* evaluation; (B) the ALJ failed to discuss the impact of Plaintiff's alleged lack of finances on her ability to access treatment; (C) the ALJ presented a defective hypothetical to the VE; and (D) the ALJ improperly found Plaintiff retained the RFC for light work. (Doc. No. 6, Pages 4-15). In response, Defendant claims the ALJ properly discredited Plaintiff's subjective complaints and properly assessed her RFC. (Doc. No. 7, Pages 4-10). Defendant also claims that the VE's testimony supports the ALJ's finding that other work exists in the national economy that Plaintiff can perform. *See id.* at 10-13. Because this Court finds the ALJ erred in assessing Plaintiff's subjective complaints, this Court will only address Plaintiff's first claim.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find the Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain the Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ properly enumerated the factors contained in 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 but then noted only a few inconsistencies between the record and Plaintiff's subjective complaints. (Tr. 23-24). Specifically, the ALJ discounted Plaintiff's subjective

7

complaints based upon the following two findings: (1) there was "nothing in the record" that found Plaintiff was incapable of performing all basic work-related activities and (2) there was no indication that any of Plaintiff's treating physicians had placed any restrictions on Plaintiff's daily activities or had found she was disabled or unable to perform any/all work activity. *See id.* The ALJ provided essentially no analysis of the factors from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 and noted no other inconsistencies in the record. *See id.* Instead, the ALJ merely stated the following:

> In making this finding, the undersigned considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p. The undersigned also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

(Tr. 23).

This analysis and these inconsistencies were based entirely upon the ALJ's cursory review of the medical evidence and the findings of Plaintiff's physicians. The ALJ cited little or no inconsistencies between these records and Plaintiff's subjective complaints. The ALJ did not evaluate Plaintiff's claim that she had limited daily activities and did not provide any substantive analysis regarding the other *Polaski* factors. This analysis is plainly insufficient under *Polaski,* and this case must be reversed and remanded for further consideration of Plaintiff's subjective complaints. Further, on remand, when conducting the credibility analysis, the ALJ should more fully evaluate Plaintiff's claimed "consistent work record" from approximately 1988 through 2005. (Tr. 176-177).

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A

judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 29th day of October, 2008.**

                                        /s/   Barry A. Bryant
                                        HON. BARRY A. BRYANT
                                        U.S. MAGISTRATE JUDGE